REMCO, INC., a corporation, Plaintiff,

v.

FABER BROS., INC., a corporation, and Jack Faber, an individual, Defendants.

No. 60 C 1642.

United States District Court
N. D. Illinois, E. D.

Jan. 17, 1964.

Frank J. Mackey, Jr., Gregory L. Tumbarello, Chicago, Ill., for plaintiff.

260

Richard F. Levy, Jay Erens, Chicago, Ill., for defendants.

WILL, District Judge.

The parties in this case are about to commence trial of a suit, tried to a jury before this Court during the last term of this Court, in which a previous jury was deadlocked and a mistrial declared. As originally filed, plaintiff sued defendants for treble damages arising from the latter's alleged violation of the Clayton Act, 15 U.S.C. §§ 12–27, and the Robinson-Patman Act, 15 U.S.C. § 13.

On the eve of the first trial, plaintiff amended its complaint to add a count alleging violation of the Sherman Act, 15 U.S.C. §§ 1–7. At the close of the plaintiff's presentation of evidence, defendants moved for dismissal of the case under Rule 41(b) of the Federal Rules of Civil Procedure. The Court, upon hearing oral argument, granted the motion solely as to the Sherman Act count. The remainder of the case was tried to the jury, which was unable to reach a decision.

Plaintiff now urges upon the Court that the Sherman Act count, dismissed at the close of plaintiff's evidence on the ground that upon the facts and the law the plaintiff had shown no right to relief, is again viable and at issue at the second trial. Plaintiff reasons that, a mistrial having often been said to be no trial at all, the retrial is a de novo litigation of all elements of the previous trial. This neglects to recognize the fact that the decision which the jury was not able to reach—the impasse which necessitates the retrial of this action—related only to the counts still in the case at the time the jury was sent out to deliberate.

 The Sherman Act count was held to be invalid as a matter of law. That ruling was based on the insufficiency of plaintiff's evidence. The second trial is not intended to afford either party an opportunity to fortify a position it was unable to maintain in the previous trial. The second trial is limited to a presentation of evidence on issues upon which the jury at the first trial was unable to agree. The retrial is the result of a deadlock upon certain issues submitted to the jury and is thus limited to those issues. The Court's determination as a matter of law on the Sherman Act count is res judicata subject only to appeal.

An alternative construction of plaintiff's motion—indeed, in light of its being entitled "Motion to Vacate", perhaps a more reasonable construction—would consider it as a motion to reconsider the earlier motion to dismiss and to vacate the judgment entered on behalf of the defendants on the Sherman Act count. Nothing has been brought to my attention by either party which would warrant such a ruling. Therefore, plaintiff's motion is denied.

An order consistent with the foregoing will be entered.